IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DF INSTITUTE, LLC <br> d/b/a KAPLAN PROFESSIONAL, <br><br> Plaintiff, <br><br> v. <br><br> DALTON EDUCATION, LLC, ALLISON STEERS, AND CYNDEE REDFEARN, <br><br> Defendants. | CASE NO. 3:19CV452 <br><br> JUDGE JAMES D. PETERSON |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS Plaintiff DF Institute, LLC d/b/a Kaplan Professional ("Plaintiff" or "Kaplan Professional") and Defendants Dalton Education, LLC, Allison Steers, and Cyndee Redfearn (collectively, "Defendants") and possible non-parties possess highly sensitive and confidential information that may be disclosed in responding to discovery requests or otherwise in this action and that must be protected in order to preserve their legitimate business interests; and

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order, to prevent unnecessary dissemination or disclosure of such highly sensitive and confidential information, during the course of discovery or otherwise.

### STIPULATION

THEREFORE, THE PARTIES STIPULATE that the following may be entered as the Order of the Court without further notice:

**Scope of Stipulated Protective Order: Documents and Information Covered**

This Stipulated Protective Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests interrogatory

responses, responses to requests to admit, and responses to requests for documents, as well as any other information or material produced, given or exchanged, including any information contained therein or derived therefrom by or among any party or non-party providing discovery material in this litigation.

**Definitions**

1. The following definitions shall apply to this Stipulation and Protective Order:

    (a) The term "Confidential Information" means information that falls within at least one of the following categories: (i) information that is prohibited from disclosure by statute or applicable law; (ii) research, technical, commercial, proprietary, or financial information that is not already available to the public; (iii) medical information concerning any individual; (iv) personal identity information; (v) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; and (vi) agency, personnel, compensation, performance metrics, or employment records. Information or documents that are available to the public are not Confidential Information.

    (b) The term "Highly Confidential – Attorneys' Eyes Only Information" is a subset of Confidential Information that constitutes trade secrets or highly sensitive information the disclosure of which would result in serious competitive or other harm that cannot be avoided by less restrictive means.

    (c) The term "party" means any party to this action, any parent company, and all of their respective officers, directors, employees, consultants, retained experts, and counsel (and their respective support staff).

    (d) The term "designating party" means the party producing or designating information as Confidential Information under this Stipulation and Protective Order.

(e) The term "receiving party" shall mean the party to whom Confidential Information is produced.

(f) The term "non-party" means an entity or individual other than a party, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their respective support staff).

## Designation of Confidential Information

2. Each designating party who produces or discloses any material that constitutes Confidential Information shall designate it as such. In designating Confidential Information, the designating party shall mark the item or each page of a document "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(a) A party or non-party may designate Confidential Information as "Confidential" when, in the reasonable judgment and good faith belief of the designating party, the information is Confidential Information as defined above and disclosing the information to persons other than those authorized in Paragraph 6 would likely cause economic harm or significant competitive disadvantage to the designating party. Information originally designated as "Confidential" shall not retain that status after any ruling by the Court denying such status to it.

(b) A party or non-party may designate Confidential Information as "Highly Confidential – Attorneys' Eyes Only" when, in the reasonable judgment and good faith belief of the designating party, the information is "Highly Confidential – Attorneys' Eyes Only Information" as defined above and disclosing the information to persons other than those authorized in Paragraph 7 would likely cause economic harm or significant competitive disadvantage to the designating party. Information originally designated as

"Highly Confidential – Attorneys' Eyes Only" shall not retain that status after any ruling by the Court denying such status to it.

(c) With respect to electronically stored information ("ESI"), the producing party must make its designations or changes to designations pursuant to the provisions of the parties' ESI Protocol.

(d) When documents or things are produced for inspection, they may be collectively designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Once specific documents have been selected for copying, any documents containing Confidential Information may then be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this procedure.

(e) By default, all deposition transcripts shall be designated as "Confidential" for a period of up to fourteen (14) days following the receipt of the final deposition transcript. Either party may further designate specific information in the transcript as "Highly Confidential – Attorneys' Eyes Only" during the course of the deposition. The party proposing to maintain a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation with respect to all or part of the transcript must communicate which parts of the transcript must be so designated within fourteen (14) days after receipt of the final

transcript. Failure to so designate within the period shall be deemed a waiver unless a longer designation period is agreed to by both parties.

3. The parties recognize that during the course of this litigation, Confidential Information that originated with or is maintained by a non-party may be produced. Such information may be designated by the producing non-party, or any party whose Confidential Information is contained within the documents produced, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be subject to the restrictions contained in this Stipulation and Protective Order if the producing non-party also agrees in writing to be bound by its terms. With respect to any Confidential Information produced by a non-party to this litigation, the producing non-party or party designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be considered a "designating party" within the meaning of that term as it is used in this Stipulation and Protective Order, and any other party or person receiving the information will each be treated as a "receiving party."

4. Except for testimony, documents and things disclosed in open court, in the event any designating party produces Confidential Information that has not been correctly designated, the designating party may re-designate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the re-designated information. The parties shall treat such information in accordance with this Stipulation and Protective Order, and shall undertake reasonable efforts to notify all previous recipients of the information, other than those listed in paragraphs six or seven as applicable, of the confidentiality of the information and to request its return or destruction. No proof of error, inadvertence, or excusable neglect shall be required for such re-designation. The inadvertent failure to designate any information as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only," will not, by itself, be deemed to waive a later claim as to its confidential nature, or to stop the designating party from designating such information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a later date in writing and with particularity. The information shall be treated by the receiving party as Confidential or Highly Confidential – Attorneys' Eyes Only from the time the receiving party is notified in writing of the change in the designation. The designating party shall provide substitute copies bearing the corrected designation. Within ten (10) days, the receiving party shall make reasonable efforts to return or destroy any undesignated Confidential or Highly Confidential – Attorneys' Eyes Only copies of the documents.

5. The parties will follow and be governed by Federal Rule of Evidence 502 with respect to any inadvertent production of any document(s) in this litigation. If a receiving party finds information that the designating party produced or provides in discovery that on its face is subject to a claim of attorney client privilege or work product immunity, the receiving party shall provide notice to the designating party of the potential inadvertent production as soon as practicable after finding the information.

**Disclosure of the Confidential Information**

6. Information designated "Confidential" may be disclosed only to the following:

(a) The attorneys and staff acting as outside counsel for a party to this action to whom it is reasonably necessary to disclose the information for this litigation, including ESI counsel, contract attorneys, and those persons specifically engaged for the purpose of assisting outside counsel in discovery or trial (i.e. vendors, photocopy services, electronic discovery vendors, trial consultants);

(b) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the

6

purpose of this litigation and to whom it is reasonably necessary to disclose the information for this litigation;

(c) Officers, directors, in-house attorneys, and employees of either party who provide actual assistance or oversight in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance or oversight;

(d) The Court and Court personnel, and Official Court Reporters or videographers to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing;

(e) Any mediators and their personnel selected by the parties or appointed by the Court; and

(f) The author of any document, the original source of the information, and others who had access to the document or the information at the time it was created or distributed, as determined from the face of the document in question, metadata, reference information in other documents, or the testimony of witnesses.

(g) The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 5 may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

7. Information designated as "Highly Confidential – Attorneys' Eyes Only" shall be disclosed only to any persons described in Paragraphs 6(a), (b), (d), (e), or (f), or as agreed in accordance with Paragraph 6(g).

8. Notwithstanding the foregoing, counsel for the receiving party will be permitted to rely upon "Highly Confidential – Attorneys' Eyes Only" information or documents in advising its clients as necessary so long as only a general summary is disclosed, and the document, or the designated portion thereof, is not provided to the client. In addition, nothing in this Protective Order will be deemed to restrict or condition in any manner the use by any party of documents authored by the party or its employee(s), or documents received from the opposing party through legally permissible means before this litigation began.

### Use and Control of the Confidential Information

9. All information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose. Counsel for the parties agree to limit their reproduction of information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to that which is necessary for the efficient prosecution/defense of this litigation. Copies of such information, and the documents prepared by an expert or consultant that incorporate or reveal such information, shall be subject to the same treatment hereunder as are the original documents or information produced.

10. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be submitted for filing under seal and shall comply with the Court's Administrative Order No. 337.

11. No person designated in accordance with Paragraphs 6(b), (c), (e) and (g) above shall be provided with access to Confidential Information without first signing an Acknowledgement of Stipulation and Protective Order in the form attached ("Acknowledgment"). An entity may sign the Acknowledgment on behalf of its officers, directors, in-house attorneys, and employees, in lieu of those persons needing to sign individually, but must inform each person

in the entity who receives Confidential Information of the terms of this Stipulation and Protective Order and shall be responsible for ensuring their compliance therewith.  Counsel for the party obtaining the Acknowledgments shall maintain a file of all signed, original Acknowledgments.

12.     Any party may disclose its own Confidential Information in any manner that it considers appropriate.

13.     No information may be withheld from discovery on the basis that the information requires greater protection than that afforded by this Stipulation and Protective Order, unless the party claiming the need for greater protection moves for and obtains an order for such special protection from the Court.

14.     Receiving parties shall make reasonable efforts to keep all Confidential Information secure.

## Duration of Order, Objection, Modifications

15.     This Stipulation and Protective Order shall remain in full force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties to this action.  This Stipulation and Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

16.     Upon final termination of this action (including all appeals), the designating party may demand that the receiving party make reasonable efforts to either return to the designating party (at the designating party's expense) or destroy all Confidential Information received from the designating party.  Neither party will require the deletion of Confidential Information from back-up systems or archival systems.  Notwithstanding the foregoing, counsel for the receiving party may retain one set of pleadings, correspondence, discovery, and attorney and consultant work

product (but not document productions) for archival purposes even though they contain Confidential Information, which shall remain subject to this Stipulation and Protective Order.

17. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulation and Protective Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure, use its best efforts to retrieve all unauthorized copies of the "Confidential" or "Highly Confidential" information, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request such person or persons execute the Acknowledgment.

18. Any receiving party may at any time request that the designating party change the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within seven days, then the party contending that such information should not be designated confidential may file a motion to be relieved from the restrictions of this Stipulation and Protective Order with respect to the information in question. On motion to be relieved from the restrictions of this Stipulation and Protective Order, the burden of demonstrating that the information is Confidential Information shall remain on the designating party.

19. All "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designations must be removed from any exhibits used at trial. The removal of the designation tags does not

constitute waiver of the asserted designation under the terms of this Stipulation and Protective Order.

### No Waiver of Privileges or Objections

20. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### Designation Not Determinative

21. Designation of documents or other specified information as protected by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. The fact that a receiving party does not challenge a confidentiality designation does not constitute an admittance that the designated document is in fact Confidential or Highly Confidential.

### Jurisdiction, Other Remedies

22. Any person who receives Confidential Information under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

23. Nothing in this Stipulation and Protective Order shall prevent any party or non-party from seeking additional relief from the Court.

Dated this __12th__ day of _September_____, 2019.

*/Kendall W. Harrison*
Kendall W. Harrison (1023438)
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
Email: kharrison@gklaw.com

Thomas M. Williams (Admitted Pro Hac Vice)
ULMER & BERNE LLP
500 West Madison Street, Suite 3600
Chicago, IL 60661-4587
Telephone: (312) 658-6500
Facsimile: (312) 658-6501
Email: twilliams@ulmer.com

Jeffrey S. Dunlap (Admitted Pro Hac Vice)
Halden R. Schwallie (Admitted Pro Hac Vice)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1406
Telephone: (216) 583-7000
Facsimile: (216) 583-7001
Email: jdunlap@ulmer.com
Email: hschwallie@ulmer.com

*Attorneys for Plaintiff*
*DF Institute, LLC*

*/Jeffrey A. Simmons*
Jeffrey A. Simmons (1031984)
FOLEY & LARDNER LLP
150 East Gilman Street
Post Office Box 1497
Madison, WI 53701-1497
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
Email: jsimmons@foley.com

Matthew W. Walch (6226308)
Russell Mangas (Admitted Pro Hac Vice)
LATHAM & WATKINS LLP
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: matthew.walch@lw.com
Email: russell.mangas@lw.com

*Attorneys for Defendant*
*Dalton Education, LLC*

*/Sarah A. Zylstra*
Sarah A. Zylstra (1033159)
Barry J. Blonien (1078848)
BOARDMAN & CLARK LLP
1 South Pinckney Street, Suite 410
P.O. Box 927
Madison, WI 53701-0927
Telephone: (608) 257-9521
Facsimile: (608) 283-1709
szylstra@boardmanclark.com
bblonien@boardmanclark.com

*Attorneys for Defendants*
*Allison Steers and Cyndee Redfearn*

## **ORDER**

Based upon the above Stipulation of the parties, and good cause having been shown (as described in that Stipulation),

IT IS ORDERED THAT the above Stipulation of the parties shall stand as and for the Order of the Court in each and every respect.

Dated this \_\_\_\_ day of _____, 2019.

_____
United States District Judge

## ACKNOWLEDGMENT

I acknowledge that I have read the attached Stipulation and Protective Order entered by the United States District Court for the Western District of Wisconsin in the case entitled *DF Institute, LLC d/b/a Kaplan Professional v. Dalton Education, LLC, Allison Steers, and Cyndee Redfearn*, Case No. 3:19CV452, and understand that I am authorized to receive Confidential Information subject to that Stipulation and Protective Order. I agree to abide by the obligations and conditions of that Stipulation and Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Western District Court of Wisconsin for all disputes arising out of or relating to the Stipulation and Protective Order and/or the disclosure or receipt of Confidential Information under that Stipulation and Protective Order.

Dated this ___ day of _____, _____.

Signature:_____

Printed Name:_____

Company:_____

Title/Position:_____