IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DF INSTITUTE, LLC,
d/b/a KAPLAN PROFESSIONAL,

       Plaintiff,

 v.

DALTON EDUCATION, LLC, ALLISON STEERS, and
CYNDEE REDFEARN,

       Defendants.

OPINION and ORDER

19-cv-452-jdp

---

Defendants Allison Steers and Cyndee Redfearn are former employees of plaintiff DF Institute, LLC, which goes by the name Kaplan Professional. Kaplan brings both state and federal claims against Steers and Redfearn, as well as their current employer Dalton Education, LLC, for using Kaplan's confidential information to obtain a competitive advantage over Kaplan. Both Kaplan and Dalton sell products and services for those preparing to be certified financial planners.

One of Kaplan's claims is that Steers and Redfearn violated a "Confidentiality and Restriction" agreement they had with Kaplan. Dkt. 1, ¶¶ 159–64. In a counterclaim, Steers and Redfearn contend that the agreement includes unenforceable restrictive covenants and that Kaplan tortiously interfered with their business relationships by attempting to enforce the agreement. Dkt. 69, ¶¶ 4–5. Now Kaplan moves to dismiss the counterclaim under Federal Rule of Civil Procedure 12(c). Dkt. 75. (Because the counterclaim doesn't involve Dalton, the court will refer to Steers and Redfearn as "defendants" for the remainder of the opinion.) For the reasons discussed below, the court will deny Kaplan's motion.

ANALYSIS

Kaplan seeks dismissal of defendants' counterclaim for tortious interference on two grounds: (1) defendants failed to provide fair notice of the claim, as required by Federal Rule of Civil Procedure 8; and (2) defendants cannot satisfy one of the elements of a tortious interference claim. The court will consider each contention in turn.

**A. Fair notice**

Kaplan contends that defendants failed to provide fair notice of their tortious interference claim by failing to identify which restrictive covenants are unenforceable and by failing to explain *why* they are unenforceable. But even if defendants were required to provide that information, they did so in both their opposition to Kaplan's motion for a preliminary injunction and in their opposition to Kaplan's motion for judgment on the pleadings. Specifically, defendants say that that the Confidentiality and Restrictive Agreement includes: (1) an anti-solicitation provision that is overbroad because it prohibits them from engaging in "any activity to induce any employee to terminate employment with Kaplan"; (2) a non-interference provision that is overbroad because it has an unlimited scope; and (3) a confidentiality provision that is invalid because it isn't necessary to protect Kaplan's legitimate business interests.

"A plaintiff is not held to the factual allegations of his complaint when he is faced with a motion to dismiss it for failure to state a claim. He can oppose the motion . . . with any factual allegations that are consistent with the allegations of the complaint." *Smith v. Boyle*, 144 F.3d 1060, 1064–65 (7th Cir. 1998). Because Kaplan doesn't contend that the additional information provided in defendants' brief is insufficient, the court will not dismiss the counterclaim for failing to provide fair notice.

## B. Lack of justification or privilege

Kaplan contends that defendants' tortious interference counterclaim fails because defendants haven't shown that any interference was "not justified and privileged."[1] A threshold question is which state's law determines the elements of the claim. Defendants say that Wisconsin law should apply. Kaplan points to an Illinois choice-of-law provision in the "Confidentiality and Restriction" agreement, but Kaplan doesn't contend that the provision should apply to a tort claim, it doesn't advance an argument for applying Illinois law, and it denies that there are any differences between Illinois and Wisconsin law. Courts presume that the law of the forum state applies in the absence of an argument to the contrary, *see FutureSource LLC v. Reuters Ltd.,* 312 F.3d 281, 283 (7th Cir. 2002), so the court will apply Wisconsin law.

The parties agree that one part of a tortious interference claim is that the party being sued "was not justified or privileged to interfere." *Brew City Redevelopment Group, LLC v. Ferchill Group,* 2006 WI 128, ¶ 37 n. 9, 297 Wis. 2d 606, 724 N.W.2d 879. Kaplan assumes in its opening brief that defendants have the burden on this issue, but Kaplan doesn't attempt to rebut defendants' contention in their opposition brief that Kaplan has the burden to show that any interference was justified or privileged. *See Fed. Pants, Inc. v. Stocking,* 762 F.2d 561, 569 (7th Cir. 1985) ("[T]he burden of proving the justification for such interference is upon the defendant."); *Finch v. Southside Lincoln-Mercury, Inc.*, 2004 WI App 110, ¶ 38, 274 Wis. 2d 719, 749, 685 N.W.2d 154, 169 ("The burden of proving lack of privilege, however, is generally not ascribed to the plaintiff. Rather, proof of intentional interference with the existing contractual

---

[1] Kaplan also contended in its opening brief that defendants failed to show that Kaplan's conduct was "malicious," but Kaplan didn't respond to defendants' argument that malice isn't a separate element of a tortious interference claim, so the court will assume that Kaplan has abandoned that issue.

relations of another is sufficient to establish liability, shifting the burden of proving the justification for such interference upon the defendant." (internal quotations omitted)).

Kaplan says that a restrictive covenant provides the justification for any interference based on the covenant until a court determines that the covenant is unenforceable. But the authority Kaplan cites doesn't support that proposition. In its opening brief, Kaplan cites *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 775 (7th Cir. 2013), but that case does nothing more than recite the elements of a tortious interference claim. And it didn't involve a restrictive covenant, so it's not instructive. In its reply brief, Kaplan takes a more nuanced approach, citing several cases from outside Wisconsin for the proposition that "a party is justified and privileged to enforce its contractual rights as long as it has a reasonable, good faith belief in the validity of the contract." Dkt. 84, at 3–4. But even if that is a correct statement of Wisconsin law, Kaplan doesn't explain why its belief was reasonable. Specifically, it doesn't explain why it believes that any of the restrictive covenants at issue are valid, under either Wisconsin or Illinois law. In the absence of a developed argument on this issue, Kaplan isn't entitled to a dismissal of the counterclaim.

ORDER

IT IS ORDERED that plaintiff DF Institute, LLC's motion for judgment on the pleadings, Dkt. 75, is DENIED.

Entered October 31, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge